FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 07 2020

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KENNI BROWN, ) | |
| Plaintiff, ) | |
| ) | |
| Vs ) | Civil Action No. 1:20-CV-1562 JPB |
| ) | |
| ) | **Jury Trial Demanded** |
| WILLIAM H DEWALT, ) | |
| ZACHARY K DAY ) | |
| MICHAEL L MACK ) | |
| MICHAEL REGISTER ) | |
| COBB COUNTY ) | |

## AMENDED COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Non-Prisoner)

**COMES NOW**, Kenni Brown (hereinafter "Mr. Brown") files this Amended Civil Rights action pursuant to 42 U.S.C. § 1983 and alleges that the above mentioned defendants violated his Constitutional rights guaranteed by the fourth and fourteenth amendment to the United States Constitution, and law(s) of the State of Georgia.

### INTRODUCTION

On December 18, 2017 at approximately 2:15pm Mr. Brown was shopping at the Cumberland Mall. As he returned to his vehicle, Absent a justifiable reason, officer(s) Dewalt and Day began following him in an unmarked van along with officer Mack who was in a marked patrol car. All officers at the time worked for the Cobb County Police Department. The officer(s) followed Mr. Brown into Fulton County where officer Mack initiated a traffic stop. Officer Mack

1

approached Mr. Browns' vehicle and stated that he failed to signal. Shortly after officer Dewalt and Day approached Mr. Browns' vehicle asking if there were any drugs in the vehicle and if they could search. Mr. Brown replied "No, there's no drugs and No you can't search my vehicle". Officer(s) Bartlett and Johnson then arrived with a K-9. Officer(s) Dewalt and Day then approached Mr. Browns' driver side door and snatched him out of the car. Mr. Brown was searched and placed in the back of officer Macks' patrol car while the dog sniffed around and inside the vehicle. After the dog finished sniffing inside the vehicle Officer(s) Dewalt, Day, and Johnson searched Mr. Browns' entire car but no drugs were found. Officer Dewalt took Mr. Brown out of the patrol car and began searching him again and at that time intentionally twisted Mr. Brown's arm causing severe shoulder pain. He stated that's what happens when you don't listen to the police. Mr. Brown was taken to the Cobb County Jail and charged with Improper Lane Change, Obstruction, and Open Container. On April 26, 2018 Mr. Brown stood trial Pro Se in Cobb County State Court where he was found not guilty on all three counts. Mr. Brown filed his original complaint on April 10, 2020. Following this court order issued on June 18, 2020, which Mr. Brown didn't receive until July 1, 2020 because of the current situation of our country. Mr. Brown had to rush and file an incomplete amended complaint on July 2, 2020, with permission of this court Mr. Brown would like to replace that incomplete amended complaint filed on July 2, 2020 with this amended complaint.

## PARTIES

1. Plaintiff Kenni Brown, P.O. Box 19005 Atlanta Ga, 31126 resides in Fulton County Georgia, (561)870-5896, raiders34.kb@gmail.com

2. Defendant William H Dewalt 1153, cobb county police officer, 140 North Marietta Pkwy, Ga 30060, Cobb County, (770) 499-3900, Individual and Official Capacity

3. Defendant Zachary K Day 1849, cobb county police officer, 140 North Marietta Pkwy, Ga 30060, Cobb County, (770) 499-3900, Individual and Official Capacity

4. Defendant Michael L Mack 1693, cobb county police officer, 140 North Marietta Pkwy, Ga 30060, Cobb County, (770) 499-3900, Individual and Official Capacity

5. Defendant Micheal Register, cobb county police chief, 140 North Marietta Pkwy, Ga 30060, Cobb County, (770) 499-3900, Official Capacity.

6. Cobb County, 100 cherokee street, Marietta, Ga 30090 (770) 528-3300, official Capacity.

## JURISDICTION AND VENUE

7. This Court has jurisdiction of this action pursuant to 42 U.S.C. § 1983, because this action arises under the Fourth Amendment to the United States Constitution.

8. This court has jurisdiction to grant both compensatory and punitive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), because all parties reside within this district.

## FACTUAL BACKGROUND

10. On December 18, 2017 officer(s) Dewalt, Day, and Mack were working crime suppression activities near the cumberland mall when they followed, stopped and arrested Mr. Brown without probable cause.

11. The officer(s) profiled Mr. Brown, who was merely walking back to his car with a Macy's shopping bag.

12. Officer Mack admitted that they were in the area looking for people who may be engaging in criminal activity during the holidays as a part of their assignment.

13. Officer Mack knew that Mr. Brown did not commit the traffic violations because he was following Mr. Brown shortly after he left the mall way before Mr. Brown got onto Cobb Parkway, and he also admits that he did not see the violation.

14. During the traffic stop, Dewalt and Day unlawfully grabbed and searched Mr. Brown against his will without probable cause, in violation of the fourth amendment to the United States Constitution.

15. Officer Dewalt intentionally twisted Mr. Brown's arm causing severe pain and damage when he took Mr. Brown out the car to conduct a second illegal search for drugs.

16. On that same day officer Mack held Mr. Brown against his will when he transported him to Cobb County ADC, where he also conducted an illegal search without probable cause.

17. Later that day, office Dewalt and Day filed false reports against Mr. Brown which led to his arrest and malicious prosecution for improper lane change, obstruction, and open container.

18. The officers falsely alleged that Mr. Brown failed to signal twice but gave two separate locations as to where the violation occurred. officer Dewalt stated that the violations occurred while traveling south on Cobb Parkway, officer Day stated that the violations occurred on Akers Mill Rd; It is important to note that both officers were traveling in the same vehicle.

19. Both officers intentionally omitted the fact that the traffic stop occurred while in Fulton County where they had no official power.

20. Because Mr. Brown objected to his vehicle being searched, officer Dewalt "out of spite" called for a K-9 to conduct an illegal search of Mr. Browns' vehicle.

21. The officers also lied about the dog alerting to the presence of drugs.

22. Video evidence will show two officers picking up a "Empty" Hennessy bottle and tossing it back down during the search for drugs, but because no drugs were found officer dewalt then claimed that the empty bottle contained very little alcohol therefore was considered an open container.

23. The officers also lied about Mr. Brown obstructing officer Dewalt, which he did not for several reasons (1) the stop was without probable cause, Mr Brown did not commit a traffic offense and they knew that, (2) The traffic stop was outside the officer(s) jurisdiction where they had no official power. (3) Officer Mack who initiated the stop instructed Mr. Brown to sit tight while he ran Mr. Brown thru the system, and Mr. Brown did not know who officer Dewalt was because he was dressed in normal clothes and not a police uniform. (4) the video will show Mr. Brown opened his car door to exit the vehicle, and asked officer Dewalt to step back so he could get out.

24. Mr. Brown was arrested on 12/18/2017 and released after paying bond on 12/19/2017.

25. Mr. Browns' vehicle was taken to impound against his will, and he was forced to pay to have it released.

26. Mr. Brown was arraigned on all three counts in early 2018. At the arraignment the officer(s) continued to lie about what transpired on 12/18/2017.

27. On April 26, 2018 Mr. Brown was tried and found not guilty on all three counts.

28. Cobb County Police Department, failed to train, and supervise their employees, the officer(s) obviously don't know where the county line is, or dont know that they can't make an arrest beyond the county line.

29. The department's practice of placing undercover officers, uniform officers, and K-9 officers around the area of the mall during the holiday season to stop and harass people in an attempt to catch criminals prior to committing a crime should be unlawful. I don't disagree with police being present, but they should only be present and not actively trying to find a criminal to a crime that has not been committed.

30. The department's practice of allowing undercover officers to follow drivers in an unmarked police car is dangerous, intimidating, and a form of entrapment. If a person notices another vehicle following them their focus would be on the vehicle that's following them and not the road, which may cause people to commit at least a minor traffic violation.

## Count 1

## Claim Under 42 USC § 1983, for Malicious Prosecution in violation of the Fourth Amendment to the United States Constitution (Improper Lane Change)

31. **Element 1** Mr. Brown fourth amendment right to unreasonable searches and seizures was violated by officer Dewalt and Day when they forcefully grabbed Mr. Brown out of his vehicle without probable cause. Mr. Brown had not committed any violations at the time.

32. Mr. Brown fourth amendment right to unreasonable seizure was violated by officer Mack when he initiated the stop for a crime that he knew did not occur, each officer claimed that the violation occurred on two differed roads, regardless, officer Mack had a visual on Mr. Browns' vehicle prior to him reaching either of those two roads, and he stated that he did not witness a violation. He also transported Mr. Brown to Cobb County ADC without probable cause.

33. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment which violated Mr. Brown's fourth amendment right. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

34. **Element 2** officer Dewalt and Day false reports that Mr. Brown had committed a traffic violation created the foundation for the prosecution.

35. Officer Mack pulled Mr. Brown over and transported him to Cobb County ADC for improper lane change when he knew that Mr. Brown did not commit a traffic offense or any other crime.

36. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

37. **Element 3** Officer Dewalt and Day acted with malice because they intentionally followed Mr. Brown for no justifiable reason. Mr. Brown was pulled over and dragged out of his vehicle for shopping. Neither officer could articulate a reasonable suspicion that would justify their actions on 12/18/2017, Officer Dewalt failed to mention he followed Mr. Brown from the mall, Officer Day stated that Mr. Brown was merely sitting in his car for several minutes. Even after their hunt for drugs turned up empty they continued to harass Mr. Brown. No traffic offense was committed, their actions were motivated by pure malice.

38. Officer Mack also knew that no traffic offense had occurred so he had to possess the same level of malice if not more as officer(s) Dewalt and Day. Officer Mack initiated the stop, and he's also the same officer that transported Mr. Brown to Cobb County ADC.

39. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

40. **Element 4** Mr. Brown was found not guilty of improper lane change on April 26, 2018 therefore the prosecution was terminated in favor of Mr. Brown.

41. **Element 5** these officers, and Cobb County have caused emotional distress, bodily injury, monetary loss in the amount of the bond and the cost of getting his vehicle out of impound. Officer Dewalt caused the bodily injuries when he intentionally twisted Mr. Browns' arm while pretending to be searching. The pain in Mr. Brown's shoulder is ongoing, and some days prevents him from working. As a result of all their actions Mr. Brown suffers mentally and emotionally as well. He had to defend these allegations not only in court, but to his family, and friends.

## Count 2

## Claim Under 42 USC § 1983, for Malicious Prosecution in violation of the Fourth Amendment to the United States Constitution (Obstruction)

42. **Element 1** Mr. Brown fourth amendment right to unreasonable searches and seizures was violated by officer Dewalt and Day when they forcefully grabbed Mr. Brown out of his vehicle without probable cause. Mr. Brown had not committed any violations at the time.

43. Mr. Brown's fourth amendment right to unreasonable seizures was violated by officer Mack when he transported Mr. Brown to Cobb County ADC for obstruction when he knew that Mr. Brown could not have been obstructing an Officer(s) who was engaging in an unlawful traffic stop outside their jurisdiction.

44. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment which violated Mr. Brown's fourth amendment right. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

45. **Element 2** officer(s) (Dewalt and Day false reports that Mr. Brown was obstructing was the foundation for the prosecution.

46. Officer Mack transported Mr Brown to the Cobb County ADC knowing that Mr. Brown wasn't obstructing or had not committed a crime.

47. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

48. **Element 3** Officer Dewalt and Day acted with malice for trying to investigate additional crimes while outside their jurisdiction. The Officers had no official power in Fulton County thus was acting maliciously when they charged Mr. Brown with Obstruction. Furthermore Officer Mack was the initial officer on the scene, and instructed Mr. Brown to sit tight while he ran him through the system.

49. Officer Mack knew that no traffic offense had occurred so he had to possess the same level of malice if not more as officer(s) Dewalt and Day to initiate a stop absent probable cause. He also transported Mr. Brown to Cobb County ADC.

50. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

51. **Element 4** Mr. Brown was found not guilty of obstruction on April 26, 2018 therefore the prosecution was terminated in favor of Mr. Brown.

52. **Element 5** these officers and Cobb County have caused emotional distress, bodily injury, monetary loss in the amount of the bond and the cost of getting his vehicle out of impound. Officer Dewalt caused the bodily injuries when he intentionally twisted Mr. Browns' arm while pretending to be searching. The pain in Mr. Brown's shoulder is ongoing, and some days prevents him from working. As a result of all their actions Mr. Brown suffers mentally and emotionally as well. He had to defend these allegations not only in court, but to his family, and friends.

## Count 3

**Claim Under 42 USC § 1983, for Malicious Prosecution in violation of the Fourth Amendment to the United States Constitution (Open Container)**

53. **Element 1** Mr. Brown fourth amendment right to unreasonable searches and seizures was violated by officer Dewalt and Day when they forcefully grabbed Mr. Brown out of his vehicle without probable cause. Mr. Brown had not committed any violations at the time.

54. Mr. Brown's fourth amendment right to unreasonable seizures was violated by officer Mack when he transported Mr. Brown to Cobb County ADC for Open Container when he knew that the bottle was empty and contained no alcohol.

55. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment which violated Mr. Brown's fourth amendment right. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

56. **Element 2** officer Dewalts false report claiming that he found an open container with alcohol created the foundation for the prosecution.

57. Officer Day testimony supported Officer Dewalts false allegation that Mr. Brown was in possession of an open container.

58. Officer Mack transported Mr. Brown to Cobb County ADC knowing that the bottle was empty and that Mr. Brown didn't commit either of the offenses.

59. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

60. **Element 3** Officer Dewalt and Day acted with malice for trying to investigate additional crimes while outside their jurisdiction. They had no official power in Fulton County thus the Open Container allegation was malicious.

61. Officer Mack knew that the bottle was empty therefore, should have known that Mr. Brown was not in possession of an open container prior to transporting him to the ADC.

62. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

63. **Element 4** Mr. Brown was found not guilty of possession of Open Container on April 26, 2018 therefore the prosecution was terminated in favor of Mr. Brown.

64. **Element 5** these officers and Cobb County have caused emotional distress, bodily injury, monetary loss in the amount of the bond and the cost of getting his vehicle out of impound. Officer Dewalt caused the bodily injuries when he intentionally twisted Mr. Browns' arm while pretending to be searching. The pain in Mr. Brown's shoulder is ongoing, and some days prevents him from working. As a result of all their actions Mr. Brown suffers mentally and emotionally as well. He had to defend these allegations not only in court, but to his family, and friends.

## Count 4

### State Law Claim Malicious Prosecution § 51-7-40 (Improper Lane Change)

65. **Element 1 Element 2** officer Dewalt and Day false reports that Mr. Brown had committed a traffic violation created the foundation for the prosecution.

66. Officer Mack pulled Mr. Brown over and transported him to Cobb County ADC for improper lane change when he knew that Mr. Brown did not commit a traffic offense or any other crime.

67. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

68. **Element 2** Officer Dewalt and Day acted with malice because they intentionally followed Mr. Brown for no justifiable reason. Mr. Brown was pulled over and dragged out of his vehicle for shopping. Neither officer could articulate a reasonable suspicion that would justify their actions on 12/18/2017, Officer Dewalt failed to mention he followed Mr. Brown from the mall, Officer Day stated that Mr. Brown was merely sitting in his car for several minutes. Even after their hunt for drugs turned up empty they continued to harass Mr. Brown. No traffic offense was committed, their actions were motivated by pure malice.

69. Officer Mack also knew that no traffic offense had occurred so he had to possess the same level of malice if not more as officer(s) Dewalt and Day. Officer Mack initiated the stop, and he's also the same officer that transported Mr. Brown to Cobb County ADC.

70. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

71. **Element 3** Mr. Brown was found not guilty of improper lane change on April 26, 2018 therefore the prosecution was terminated in favor of Mr. Brown.

72. **Element 4** these officers and Cobb County have caused emotional distress, bodily injury, monetary loss in the amount of the bond and the cost of getting his vehicle out of impound.

Officer Dewalt caused the bodily injuries when he intentionally twisted Mr. Browns' arm while pretending to be searching. The pain in Mr. Brown's shoulder is ongoing, and some days prevents him from working. As a result of all their actions Mr. Brown suffers mentally and emotionally as well. He had to defend these allegations not only in court, but to his family, and friends.

**Count 5**

**State Law Claim Malicious Prosecution § 51-7-40 (Obstruction)**

73. **Element 1** officer(s) (Dewalt and Day false reports that Mr. Brown was obstructing was the foundation for the prosecution.

74. Officer Mack transported Mr Brown to the Cobb County ADC knowing that Mr. Brown wasn't obstructing or had not committed a crime.

75. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

76. **Element 2** Officer Dewalt and Day acted with malice for trying to investigate additional crimes while outside their jurisdiction. The Officers had no official power in Fulton County thus was acting maliciously when they charged Mr. Brown with Obstruction. Furthermore Officer Mack was the initial officer on the scene, and instructed Mr. Brown to sit tight while he ran him through the system.

77. Officer Mack knew that no traffic offense had occurred so he had to possess the same level of malice if not more as officer(s) Dewalt and Day to initiate a stop absent probable cause. He also transported Mr. Brown to Cobb County ADC.

78. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

79. **Element 3** Mr. Brown was found not guilty of obstruction on April 26, 2018 therefore the prosecution was terminated in favor of Mr. Brown.

80. **Element 4** these officers and Cobb County have caused emotional distress, bodily injury, monetary loss in the amount of the bond and the cost of getting his vehicle out of impound. Officer Dewalt caused the bodily injuries when he intentionally twisted Mr. Browns' arm while pretending to be searching. The pain in Mr. Brown's shoulder is ongoing, and some days prevents him from working. As a result of all their actions Mr. Brown suffers mentally and emotionally as well. He had to defend these allegations not only in court, but to his family, and friends.

## Count 6

### State Law Claim Malicious Prosecution § 51-7-40 (Open Container)

81. **Element 1** officer Dewalts false report claiming that he found an open container with alcohol created the foundation for the prosecution..

82. Officer Day testimony supported Officer Dewalts false allegation that Mr. Brown was in possession of an open container.

15

83. Officer Mack transported Mr. Brown to Cobb County ADC knowing that the bottle was empty and that Mr. Brown didn't commit either of the offenses.

84. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

85. **Element 2** Officer Dewalt and Day acted with malice for trying to investigate additional crimes while outside their jurisdiction. They had no official power in Fulton County thus the Open Container allegation was malicious.

86. Officer Mack knew that the bottle was empty therefore, should have known that Mr. Brown was not in possession of an open container prior to transporting him to the ADC.

87. All three officers were working under the direction of Micheal Register/Cobb County who gave them the power to carry out this malicious prosecution. Micheal Register/Cobb County also developed and managed the crime suppression assignment. Michael Register/Cobb County was responsible for training these three officers which they failed to do.

88. **Element 3** Mr. Brown was found not guilty of possession of Open Container on April 26, 2018 therefore the prosecution was terminated in favor of Mr. Brown.

89. **Element 4** these officers and Cobb County have caused emotional distress, bodily injury, monetary loss in the amount of the bond and the cost of getting his vehicle out of impound. Officer Dewalt caused the bodily injuries when he intentionally twisted Mr. Browns' arm while pretending to be searching. The pain in Mr. Brown's shoulder is ongoing, and some days prevents him from working. As a result of all their actions Mr. Brown suffers mentally

and emotionally as well. He had to defend these allegations not only in court, but to his family, and friends.

## PRAYER FOR RELIEF

**Wherefore,** Mr. Brown respectfully pray this Court issue him the following relief:

a. Compensatory relief in the amount of 150,000 for the above mentioned actions, (personal injury, mental and emotional stress, cost of bond, future medical expenses and for the pain and hardship caused by these defendants).

b. Injunctive relief, to prevent undercover police in unmarked vehicles from following people without probable cause. As explained earlier such behavior will only increase the chance of a traffic violation due to its distraction and intimidation, and such distraction and intimidation should not be used as a clever ploy to induce a traffic violation which would then lead to a traffic stop, and search.

c. Punitive damages should also be awarded in the amount of 100,000 to deter these types of behaviors.

d. Any additional relief this court deems just and proper.

## CERTIFICATION AND CLOSING

**I Certify** to the best of my knowledge, information and belief that this compliant (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a

reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise Complies with the Requirements of Rule11

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case

Date of Signing July, 7, 2020

Signature of Plaintiff  *Kenni Brown*

Printed Name of Plaintiff  *Kenni Brown*

Respectfully Submitted,